UNITED STATES STEEL CORPORATION, REPUBLIC STEEL CORPORATION, ET AL., PLAINTIFFS *v.* UNITED STATES OF AMERICA, ET AL., DEFENDANTS, AND COMPANHIA SIDERURGICA PAULISTA, ET AL., DEFENDANTS-INTERVENORS

Court No. 82-10-01361

UNITED STATES STEEL CORPORATION, PLAINTIFF *v.* UNITED STATES OF AMERICA, ET AL., DEFENDANTS, AND COMPANHIA, SIDERURGICA PAULISTA, ET AL., DEFENDANTS-INTERVENORS

Court No. 82-10-01361S

Before WATSON, *Judge.*

(Decided December 22, 1983)

*Richard K. Willard,* Acting Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch *(Velta A. Melnbrencis* and *Francis J. Sailer,* Attorneys, Commercial Litigation Branch) for the United States.

Cravath, Swaine & Moore *(Joseph R. Sahid* and *Steven Schulman,* of counsel) for plaintiffs Republic Steel Corporation, Inland Steel Company, Jones & Laughlin Steel Incorporated, National Steel Corporation, and Cyclops Corporation.

WATSON, *Judge:* In this decision the Court grants defendant's motion for a protective order relieving them of the obligation to respond to plaintiffs' interrogatories and request for production of documents.

Plaintiffs based the discovery they sought on an alleged failure to articulate the administrative findings and an apparent incompleteness of the administrative record.

The Court has examined a significant portion of the administrative record in connection with defendants' motion for a protective order on the grounds of deliberative privilege, which was partially granted in Slip Opinion 83-127 (December 7, 1983). It has also considered those points which plaintiffs believe represent gaps or omissions in the record. As a result, the Court has not been persuaded that the administrative record is deficient for the purposes of review or flawed in such a manner as to require supplementation by discovery. *Atlantic Sugar, Ltd.* v. *United States,* 85 Cust. Ct. 131; C.R.D. 80-16 (1980).

The articulation of the administrative decisions is also sufficient to permit judicial review.

For these reasons, defendants' motion for a protective order is GRANTED.